**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN M. RINALDI,

               Plaintiff,

                  -v-                               5:26-CV-534 (AJB/CBF)

JOHN DOE #1-10,

               Defendants.

---

**APPEARANCES:**                                 **OF COUNSEL:**

JOHN M. RINALDI
Plaintiff, Pro Se
6698 Glen Haven Road
Homer, NY 13077

**Hon. Anthony Brindisi, U.S. District Judge:**

### ORDER ON REPORT & RECOMMENDATION

On April 3, 2026, *pro se* plaintiff John M. Rinaldi ("plaintiff") filed this 42 U.S.C. § 1983 action alleging that John Doe defendants violated his First Amendment rights by, *inter alia*, unlawfully seizing his vehicle in retaliation for his protected speech.  Dkt. Nos. 1, 7.  Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. Nos. 3, 12.  Plaintiff also sought emergency relief in the form of a temporary restraining order, *see, e.g.*, Dkt. Nos. 2, 6, filed an amended complaint[1] as of right, Dkt. No. 7, and used the Court's electronic MFT filing system to submit additional documentation, Dkt. Nos. 8, 9, 10, 13, 15, 16.

On May 21, 2026, U.S. Magistrate Judge Carla B. Freedman granted plaintiff's IFP Application and, after an initial review, advised by Report & Recommendation ("R&R") that plaintiff's

---

[1]  Plaintiff used the Court's MFT system to file a second copy of this pleading.  Dkt. No. 16.

first amended complaint be dismissed without prejudice.  Dkt. No. 20.  As Judge Freedman explained, plaintiff had failed to plausibly allege any cognizable § 1983 claims.  *Id*.  However, in light of his *pro se* status, Judge Freedman suggested that plaintiff should be permitted leave to further amend.  *See id*. at 8.

Plaintiff has not lodged objections, and the time period in which to do so has expired.  *See* Dkt. No. 20.  Upon review for clear error, the R&R is accepted and will be adopted.  *See* FED. R. CIV. P. 72(b).  Plaintiff will be permitted a thirty-day opportunity to attempt to further amend.  As a final matter, the Court notes that recent mailings to plaintiff's address on file have been returned as undeliverable.  Dkt. Nos. 17, 18, 19, 21, 22.

Plaintiff is cautioned that it is his responsibility to diligently prosecute actions that he files in this Court.  A big part of that responsibility involves following the Federal Rules of Civil Procedure and the Local Rules of Practice.  Under Local Rule 10, a litigant must promptly notify the Court of any change of address, and the failure to do so can result in sanctions, up to and including *sua sponte* dismissal of the case.

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 20) is ACCEPTED;

2.  Plaintiff's first amended complaint (Dkt. No. 7) is DISMISSED with leave to amend;

3.  Plaintiff shall have thirty (30) days in which to file a second amended complaint;

4.  If plaintiff timely files a second amended complaint, the Clerk is directed to REFER the file to Judge Freedman for further action as appropriate; and

5.  If plaintiff does not timely file a second amended complaint, the Clerk is directed to enter a judgment dismissing this action and close the file without further Order of the Court.

The Clerk of the Court is directed to terminate the pending motion and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated:  June 11, 2026
       Utica, New York.

Anthony J. Brindisi
U.S. District Judge